**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**GARY NORMAN AND CHARMAINE THOMPSON,**

                       **Plaintiffs,**

         **- against -**

**BANK OF NEW YORK MELLON TRUST**
**COMPANY N.A. AS TRUSTEE FOR MORTGAGE**
**ASSETS MANAGEMENT SERIES 1 TRUST,**
**PHH MORTGAGE CORPORATION, ROBERTSON,**
**ANSCHUTZ, SCHNEID, CRANE, AND**
**PARTNERS, PLLC, FINANCIAL FREEDOM**
**SENIOR FUNDING CORPORATION,**
**FINANCIAL FREEDOM ACQUISITION LLC,**
**JOHN DOE 1-12,**

                   **Defendants.[1]**

**24-cv-4737 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

The pro se plaintiffs, Gary Norman and Charmaine Thompson, assert various claims against the defendants, Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series 1 Trust ("BONY"); BONY's loan servicer, PHH Mortgage Corporation ("PHH"); Robertson, Anschutz, Schneid, Crane, and Partners, PLLC ("RAS"); Financial Freedom Senior Funding Corporation; Financial Freedom Acquisition LLC; and John Doe 1-12. BONY, PHH, and RAS move to dismiss the plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). For the following reasons, the motion is **granted.**

---

[1] The Clerk is respectfully directed to amend the caption as above.

**I.**

The following factual allegations are drawn from the complaint and the parties' declarations.

This action concerns the real property located at 831 East 220th Street, Bronx, New York 10467 (the "Property"). See Compl. at 1, ECF No. 1, Ex. A. In September 2005, Reginald Blythewood, the owner of the Property, executed, acknowledged, and delivered a note (the "Note") in the principal sum of $469,342.50 to Financial Freedom Senior Funding Corporation. See id. ¶ 24; ECF No. 14, Ex. 2 at 4–14. The Note was secured by a Home Equity Conversion Mortgage (the "Mortgage"), which in turn was secured by the Property. See Compl. at 1. Blythewood passed away in 2014. See id. ¶ 24. The Mortgage was assigned to Financial Freedom Acquisition LLC in June 2009; to the Secretary of Housing and Urban Development in July 2009; to Financial Freedom Acquisition, LLC, in July 2021; and then to BONY in December 2021. See ECF No. 14, Ex. 2 at 15–29.[2]

In June 2023, BONY commenced a foreclosure action on the Property against the heirs of the estate of Reginald Blythewood in the New York State Supreme Court, Bronx County (the "Foreclosure Action"). See Compl. ¶ 24. RAS serves as counsel

---

[2] The plaintiffs contest the validity of the Note, the Mortgage, and the assignment of the Mortgage to BONY. See generally Compl.

for BONY in the Foreclosure Action. See id. The Foreclosure
Action remains pending in the Supreme Court, Bronx County.

The plaintiffs, who were not named as defendants in the
Foreclosure Action, moved to intervene in that action. The
plaintiffs' motions to intervene in the Foreclosure Action are
also currently pending. See ECF No. 14, Ex. 3.

The plaintiffs commenced this action in the Supreme Court,
Bronx County, on May 2, 2024. See Compl. The plaintiffs contend
that Blythewood, Norman's godfather, named the plaintiffs as the
true successors of interest to the Property in a will executed
in 2013. See id. ¶ 24. As such, the plaintiffs contest the
validity of the Mortgage and submit that they are entitled to
the exclusive possession and ownership of the Property. The
complaint asserts various claims against the defendants,
including "Lack of Standing," fraudulent concealment,
intentional infliction of emotional distress, slander of title,
quiet title, and violations of the Truth in Lending Act
("TILA"), 15 U.S.C. § 1601 et seq. See id. ¶¶ 68-117. On June
21, 2024, PHH removed this action to this Court pursuant to 28
U.S.C. §§ 1441 and 1446(a), invoking 28 U.S.C. § 1331 as the
basis for this Court's jurisdiction.

BONY, PHH, and RAS now move to dismiss this action pursuant
to Federal Rule of Civil Procedure 12(b)(5) for insufficient

service of process and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.

Rule 12(b)(5) provides for dismissal of a complaint for insufficient service of process. When a defendant moves to dismiss on this ground, "the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010).[3] "Moreover, materials outside the pleadings may be considered without converting a motion to dismiss for insufficient service of process, under Rule 12(b)(5), into a motion for summary judgment." Nesbeth v. New York City Mgmt. LLC, No. 17-cv-8650, 2019 WL 110953, at *4 (S.D.N.Y. Jan. 4, 2019).

Rule 4(h)(1) provides that a corporation must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Rule 4(e)(1) in turn provides that service may be effectuated by "following state law for serving a summons in an action brought

---

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

in courts of general jurisdiction in the state where the district court is located or where service is made."

Rule 4(m) provides that, where service is not made within ninety days after the complaint is filed, the Court must dismiss the action without prejudice unless good cause is shown for an extension of time to serve. Nesbeth, 2019 WL 110953, at *4.

**A.**

BONY and PHH, which are both corporations, correctly assert that the plaintiffs failed to serve process in a manner authorized by state law or the Federal Rules of Civil Procedure.

Under New York law, a plaintiff may serve a corporation by "delivering the summons . . . to an officer, director, managing or general agent, or . . . to any other agent authorized by appointment or by law to receive service." N.Y. CPLR § 311(a)(1). Alternatively, a plaintiff may effect service on a corporation by serving the secretary of state—either by "[p]ersonally delivering to and leaving with the secretary of state or a deputy . . . duplicate copies of such process together with the statutory fee," or by "[e]lectronically submitting a copy of the process to the department of state together with the statutory fee . . . through an electronic system operated by the department of state." See id.; N.Y. BCL § 306.

In this case, the plaintiffs have filed affidavits of service indicating that they attempted to serve the defendants by certified mail. See Affidavit Cert. of Serv., ECF No. 24. However, service by certified mail is not a valid method of service under the CPLR. See Miller v. 21st Century Fox America, Inc., 116 N.Y.S.3d 567 (Mem) (App. Div. 2020) ("Service by certified mail to the corporate defendant's address, alone, is not a proper means of service [under CPLR § 311 and BCL § 306]."); cf. Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp., 479 N.Y.S.2d 256, 256-67 (App. Div. 1984) (concluding that mailing the summons and complaint to a corporate officer's last known residence constituted insufficient service because process was not "personally delivered . . . to a person designated in CPLR 311"); Nesterov v. Kvadro S. Corp., No. 18-cv-7200, 2021 WL 1236029, at *3 (E.D.N.Y. Mar. 11, 2021), report and recommendation adopted, 2021 WL 1238707 (E.D.N.Y. Apr. 2, 2021) ("CPLR 311 governs service on corporations and does not permit 'affix-and-mail,' even when the service on the corporation is being effectuated through one of its officers."). Nor is service by certified mail a valid method of service under Federal Rule of Civil Procedure 4(h)(1). See Fed. R. Civ. P. 4(h)(1)(B) (providing that a corporation may be served "by delivering a copy of the summons and . . . the complaint to an . . . agent authorized by appointment or by law to receive

service of process" (emphasis added)); Saregama India, Ltd. v. Mosley, No. 12-mc-45, 2012 WL 955520, at *2 (S.D.N.Y. Mar. 20, 2012) ("[N]othing in Rule 4(h)(1)(B) provides that service by certified mail constitutes adequate service of process.").

The plaintiffs failed to deliver process personally to an individual designated in CPLR § 311 or to serve the secretary of state as provided in BCL § 306. Accordingly, the plaintiffs' service of process on BONY and PHH was insufficient.

**B.**

The plaintiffs' complaint must also be dismissed for lack of proper service with respect to RAS. Because RAS is a limited liability company, the applicable state law for service of process is CPLR § 311-a, which provides that service

> shall be made by delivering a copy personally to (i) any member of the limited liability company in this state, if the management of the limited liability company is vested in its members, (ii) any manager of the limited liability company in this state, if the management of the limited liability company is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the limited liability company to receive process, in the manner provided by law for service of a summons as if such person was a defendant. Service of process upon a limited liability company may also be made pursuant to article three of the limited liability company law.

Article three of the limited liability company law also permits service of process on the secretary of state, either by "[p]ersonally delivering to and leaving with the secretary of

state or his or her deputy . . . duplicate copies of such process," or by "[e]lectronically submitting a copy of the process to the department of state." N.Y. LLC L. § 303.

As explained above, the plaintiffs represent that they served RAS by certified mail. See Affidavit Cert. of Serv. However, service on an LLC by certified mail is not authorized under either the CPLR or the Federal Rules of Civil Procedure. See, e.g., Greene v. Pete, No. 22-cv-4220, 2023 WL 2393873, at *2 (S.D.N.Y. Jan. 3, 2023), report and recommendation adopted, 2023 WL 2043951 (S.D.N.Y. Feb. 16, 2023) (explaining that New York law does not permit service on an LLC by certified mail); see also Fed. R. Civ. P. 4(h)(1)(B). The plaintiffs therefore failed to effectuate service in accordance with New York law or Rule 4(h).

For these reasons, the defendants' motion to dismiss pursuant to Rule 12(b)(5) is **granted**. Moreover, because more than ninety days have elapsed after this case was originally filed and after the case was removed to this Court, the case should be dismissed without prejudice pursuant to Rule 4(m). Therefore, the complaint is **dismissed without prejudice**.[4]

---

[4] The two remaining identified defendants, Financial Freedom Senior Funding Corporation and Financial Freedom Acquisition LLC (together, the "Financial Freedom" defendants), have not moved to dismiss or otherwise appeared in this action. As with BONY, PHH, and RAS, the plaintiffs filed affidavits of service reflecting that they attempted to serve the Financial Freedom defendants by certified mail. See Affidavit Cert. of Serv. However, as explained above, service on a corporation or an LLC by certified mail is not

### III.

Moreover, dismissal would be appropriate under Rule 12(b)(6). As the defendants point out, the plaintiffs' allegations do not state a claim upon which relief can be granted.

### A.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

proper service pursuant to the CPLR or the Federal Rules of Civil Procedure. Accordingly, the complaint must be dismissed for insufficient service of process with respect to the Financial Freedom defendants as well.

When faced with a <u>pro se</u> complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a <u>pro se</u> case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. <u>See</u> <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002).

**B.**

The complaint fails to allege a violation of TILA—or that TILA is even applicable in this case. TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998). TILA also gives consumers who are borrowing money for their "principal dwelling" the right to rescind the loan within a certain time following the date on which the transaction is consummated. <u>See</u> <u>Ryder v.</u>

10

J.P. Morgan Chase Bank, 767 F. App'x 29, 31 (2d Cir. 2019)
(citing 15 U.S.C. §§ 1635(a), (f)). In this case, there is no
basis for the plaintiffs' TILA claims against the defendants
because the plaintiffs do not allege that any loan transaction
was consummated between the plaintiffs and the defendants.
Because TILA is the only claim asserted by the plaintiffs that
arises under federal law, and because PHH removed this action
from state court based on federal question jurisdiction, see
Notice of Removal, ECF No. 1, the Court lacks jurisdiction in
the absence of a viable TILA claim.

    Although it is doubtful that the plaintiffs will be able to
state a TILA claim, for the sake of completeness and in the
event that the plaintiffs are able to amend the complaint to
state a TILA claim, the Court addresses the plaintiffs'
remaining claims. The complaint does not adequately allege the
elements of each of the six remaining asserted claims, which all
arise under state law. In fact, one of these claims is not a
cause of action at all.

    First, "Lack of Standing" is not a cognizable cause of
action. Instead, standing is a threshold requirement that a
plaintiff must satisfy to commence a lawsuit. The requirement is
"designed to ensure that the party seeking relief has a
sufficiently cognizable stake in the outcome so as to cast the
dispute in a form traditionally capable of judicial resolution."

Cmty. Bd. 7 of Borough of Manhattan v. Schaffer, 639 N.E.2d 1, 3 (N.Y. 1994). Lack of standing would be more appropriately raised as a defense by the parties to the Foreclosure Action. Accordingly, the plaintiffs' first cause of action must be dismissed.

Second, the complaint insufficiently pleads fraudulent concealment. To plead such a claim under New York law, a plaintiff must allege each of the following elements: (1) the defendant knowingly misrepresented a material fact; (2) the misrepresentation was made for the purpose of inducing the plaintiff's reliance; (3) the plaintiff reasonably relied on the misrepresentation; (4) damages; and (5) the defendant had a duty to disclose material information and failed to do so. See Weinstein v. CohnReznick, LLP, 43 N.Y.S.3d 387, 389 (App. Div. 2016) (fraud action); IKB Intern. S.A. v. Bank of America Corp., 584 F. App'x 26, 29 (2d Cir. 2014) (observing that a duty to disclose is a "necessary component" of a fraudulent concealment claim). Under either New York or federal law, a plaintiff must plead a fraud claim with particularity. See N.Y. CPLR § 3016(b) ("[W]here a cause of action . . . is based upon misrepresentation [or] fraud . . . , the circumstances constituting the wrong shall be stated in detail."); Fed. R. Civ. P. 9(b) (setting forth particularity pleading requirements).

In this case, the plaintiffs supply no particularized factual allegations that any purported misrepresentation was made with the intent to induce the plaintiffs' reliance, or that the plaintiffs relied on any alleged misrepresentation. Also, the complaint fails to allege that the defendants had any duty to disclose information to the plaintiffs.

Third, the plaintiffs have not alleged the elements of a claim for intentional infliction of emotional distress. To plead intentional infliction of emotional distress, a plaintiff must allege: (1) "extreme and outrageous conduct"; (2) "intent to cause, or disregard of a substantial probability of causing, severe emotional distress"; (3) "a causal connection between the conduct and injury"; and (4) "severe emotional distress." Howell v. N.Y. Post Co., 612 N.E.2d 699, 702 (N.Y. 1993).

In this case, the plaintiffs identify no conduct by the defendants that would be "extreme and outrageous" as a matter of law. The conduct alleged in the complaint—that the defendants attempted to foreclose on a property in which the defendants purportedly have no right, title, or interest, Compl. ¶ 89—is simply not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Howell, 612 N.E.2d at 702–03; cf. Murphy v. Am. Home Products Corp., 448 N.E.2d 86, 88, 90 (N.Y. 1983)

13

(concluding that allegations that an employer "embarrass[ed] and humiliate[d]" the plaintiff in firing the plaintiff "fall far short of this strict standard").

Fourth, the plaintiffs' cause of action for slander of title is likewise deficient. To plead slander of title, a plaintiff must allege: "(1) a communication falsely casting doubt on the validity of the complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages." 39 College Point Corp. v. Transpac Cap. Corp., 810 N.Y.S.2d 520, 521 (App. Div. 1988). The plaintiffs' complaint contains no well-pleaded factual allegations of any communication falsely casting doubt on the validity of the plaintiffs' purported title. The notice of pendency to which the complaint refers does not satisfy this element, because a notice of pendency "is an undeniably true statement," and therefore its filing "does not give rise to a cause of action for slander of title." 34-45 May Assocs. v. Mayloc Assocs., 557 N.Y.S.2d 41, 42-43 (App. Div. 1990); see also, e.g., Brown v. Bethlehem Terrace Assocs., 525 N.Y.S.2d 978, 979-80 (App. Div. 1988).

Fifth, the complaint does not sufficiently allege the elements of a claim for quiet title. "To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title,

14

such as in a deed or other instrument, that is actually invalid
or inoperative." Acocella v. Wells Fargo Bank, NA, 32 N.Y.S.3d
187, 189 (App. Div. 2016). Additionally, a plaintiff must
demonstrate that "the period allowed by the applicable statute
of limitation for the commencement of an action to foreclose a
mortgage . . . has expired . . . ." N.Y. RPAPL § 1501(4). The
applicable statute of limitations for a foreclosure action is
six years after the acceleration of the mortgage. See, e.g.,
21st Mortg. Corp. v. Nweke, 85 N.Y.S.3d 127, 129 (App. Div.
2018); Mizrahi v. U.S. Bank, 64 N.Y.S.3d 572, 572-73 (App. Div.
2017).

In this case, the plaintiffs fail to allege that the
mortgage encumbering the Property is no longer enforceable. The
Mortgage was not accelerated until 2023, when BONY commenced the
Foreclosure Action, see ECF No. 14, Ex. 1 at 8, 18, and
therefore the plaintiffs cannot demonstrate that the statute of
limitations has expired, as required under RPAPL § 1501(4).
"Because the expiration of the statute of limitations is an
essential element of an action pursuant to RPAPL 1501(4), the
existence of a pending foreclosure action precludes a RPAPL
1501(4) action." 4 Stella Mgmt. v. Citimortgage, Inc., 164
N.Y.S.3d 827, 827 (App. Div. 2022); see also Mizrahi, 64
N.Y.S.3d at 573. It is undisputed that the Foreclosure Action is
still pending. Furthermore, as to RAS, the complaint does not

15

allege that RAS has an interest in the Property adverse to the
plaintiffs: RAS is merely the counsel of record for BONY in the
Foreclosure Action and thus has no interest in the Property at
all. For these reasons, the quiet title claim must be dismissed.

Sixth, it is appropriate to dismiss the plaintiffs' claim
for declaratory relief. In brief, the plaintiffs seek a
declaration that they are entitled to the exclusive possession
and ownership of the Property. But the issues to be considered
in determining whether declaratory relief is warranted are
directly relevant to issues that would be determined in
connection with other causes of action asserted in the
complaint, including the quiet title cause of action. Moreover,
in the parallel Foreclosure Action, which has been pending for
over a year, the Supreme Court, Bronx County, will necessarily
have to decide, for example, whether BONY has any valid claim
against the Property and who owns the Property. "[A] cause of
action for a declaratory judgment is unnecessary and
inappropriate where . . . the plaintiffs have an adequate,
alternative remedy in another form of action, such as breach of
contract." Tiffany Tower Condo., LLC v. Ins. Co. of Greater New
York, 84 N.Y.S.3d 167, 170 (App. Div. 2018); see also Apple
Records, Inc. v. Capitol Records, Inc., 529 N.Y.S.2d 279, 280
(App. Div. 1988) (dismissing declaratory judgment claims where
the claims "parallel" separate breach of contract claims and

16

"merely seek a declaration of the same rights and obligations as will be determined under [the breach of contract claims]").

In sum, the plaintiffs fail to state a claim against the defendants. Moreover, to the extent that the plaintiffs are claiming that there should be no foreclosure, the plaintiffs can raise those claims in the Foreclosure Action, in which they have already sought to intervene. The complaint is therefore **dismissed without prejudice.**

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss is **granted.** This action is **dismissed without prejudice.** The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated:      New York, New York
            October 21, 2024

_____
            John G. Koeltl
      United States District Judge